[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-13191
Non-Argument Calendar
_____

Agency No. A35-219-143

KENRICK GLENFIELD EASTMOND,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 22, 2009)

Before TJOFLAT, DUBINA and ANDERSON, Circuit Judges.

PER CURIAM:

Kendrick Glenfield Eastmond, pro se, petitions for review of the  Board of

Immigration Appeals' (BIA) decision, affirming the immigration judge's (IJ) order of removal resulting from his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Eastmond argues that (1) the BIA erred in finding that his conviction, which was not a drug trafficking crime, was an aggravated felony, and (2) the IJ abused its discretion and violated his due process rights by not granting him a continuance in his immigration hearing in order to resolve a "situation" in his criminal case.

We review de novo whether we have jurisdiction to consider a petition for review. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). We lack jurisdiction to review a final order of removal when the alien is removable for having committed a criminal offense covered in Immigration and Nationality Act (INA) 1227(a)(2)(A)(iii), (a)(2)(B). 8 U.S.C. § 1252(a)(2)(C); Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1311 (11th Cir. 2006). We have held, however, that, under § 1252, we retain jurisdiction to review whether the petitioner meets the qualifications for the jurisdictional bar, which require a finding that he (1) is an alien, (2) who is removable, (3) by reason of having committed a crime covered by § 1252(a)(2)(C). Savoury, 449 F.3d at 1311. Additionally, notwithstanding § 1252(a)(2)(C), we have jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); Savoury, 449 F.3d at 1311. We do not have jurisdiction, however, to consider claims that were not raised before the BIA.

2

<u>Amaya-Artunduaga v. U.S. Att'y Gen.</u>, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

Pursuant to § 1227, an alien is removable if he is convicted of (1) an aggravated felony, <u>see</u> 8 U.S.C. § 1227(a)(2)(A)(iii), or (2) violated a law related to a controlled substance, <u>see</u> <u>id.</u> § 1227 (a)(2)(B)(i). An offense is an aggravated felony for immigration purposes if it involves the trafficking of a controlled substance, including a "drug trafficking crime," as defined by 18 U.S.C. § 924(c). 8 U.S.C. § 1101(A)(43)(B). "Drug trafficking crime" is defined as any felony punishable under the CSA. 18 U.S.C. § 924(c). A crime is a felony if the statutory maximum term of imprisonment is more than one year. <u>See</u> 18 U.S.C. § 3559(a). Pursuant to the Controlled Substances Act (CSA), 21 U.S.C. § 801, <u>et seq</u>, it is unlawful for an individual to knowingly possess with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). The maximum sentence for a crime involving cocaine is 20 years' imprisonment. <u>Id.</u> § 841(b)(1)(C).

The IJ did not err in finding that Eastmond's conviction was an aggravated felony because his violation of § 841(a)(1) was a felony punishable under the CSA. We lack jurisdiction to consider Eastmond's argument that the IJ abused his discretion and violated Eastmond's due process rights by not granting a continuance because he did not raise this issue before the BIA.[1]

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[1] Eastmond's motion for leave to file his reply brief out of time is granted.